UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THRIFTMASTER GLOBAL HOLDINGS, INC. <br><br> Plaintiff, <br><br> v. <br><br> CONOR GREEN CONSULTING, LLC, <br><br> Defendant. | No. 22 CV 4042 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Defendant Conor Green Consulting, LLC executed a promissory note, promising to pay back $250,000 that plaintiff Thriftmaster Global Holdings, Inc. advanced to Conor Green. Thriftmaster demanded repayment of the loan upon the note's maturity, and Conor Green failed to repay the note. The parties entered into a forbearance agreement to extend the time for Conor Green to repay the loan. At the end of the extension, Conor Green still failed to pay. Thriftmaster moves for summary judgment. For the reasons discussed below, its motion is granted.

**I.    Legal Standard**

A motion for summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). I

view all "the facts and draw[] reasonable inferences in the light most favorable to the non-moving party." *Sullivan v. Flora, Inc.*, 63 F.4th 1130, 1141 (7th Cir. 2023).

"Even if a party opposing summary judgment presents no evidence at all, summary judgment is improper when the movant's own submissions do not establish the absence of a genuine issue of material fact." *Cartwright v. City of Chicago*, 450 Fed. Appx. 539, 541–42 (7th Cir. 2011) (finding that the movant's inclusion of a deposition in support of summary judgment "in fact highlight[ed] the factual dispute" at issue). *See also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) ("And, in a comment directed specifically to a contention like respondent's, the Committee stated that '(w)here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.'"); *Anderson*, 477 U.S. at 249 (reaffirming *Adickes*).

## II. Facts

In December 2019, defendant Conor Green Consulting, LLC, executed a promissory note. [94] ¶ 4; [95] at 9–16.[1] The note contained Conor Green's promise to pay plaintiff Thriftmaster Global Holdings, Inc. $250,000, with immediate interest

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers refer to the CM/ECF header placed at the top of filings. The facts are largely taken from defendant's Local Rule 56.1 statement of facts, [94], and exhibits. [95]. Plaintiff forfeited its response to defendant's statement of facts. Defendant's facts are deemed admitted. N.D. Ill. Local R. 56.1(d)(1)–(2); N.D. Ill. Local R. 56.1(e)(3); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). I disregard legal arguments in the statement of facts. *See Cady v. Sheahan*, 467 F.3d 1057, 1060–61 (7th Cir. 2006); *see also* [94] ¶¶ 8, 17, 20.

earned of two percent on the note, and a fixed annualized interest rate of twelve percent. [94] ¶ 4; [95] at 14.

The note matured on May 1, 2020, at which time Thriftmaster could demand the full amount due and payable under the note. [94] ¶ 4. Conor Green also agreed to pay all expenses, including reasonable attorneys' fees, incurred by Thriftmaster in attempting to collect payments if Conor Green did not pay the full amount when due. [94] ¶¶ 4, 24; [95] at 15. Thriftmaster advanced $250,000 to Conor Green. [94] ¶ 5; [95] at 17–18.

In May 2020, Thriftmaster made a demand for repayment to Conor Green. [95] at 4 (¶ 6).[2] Conor Green did not pay. [94] ¶ 5. A few months later, Thriftmaster and Conor Green entered into a forbearance agreement to extend the time for which Conor Green had to repay the loan. [94] ¶ 6; [95] at 19–26. Thriftmaster agreed to temporarily refrain from pursuing any default-related rights and remedies against Conor Green for 180 days, split into two ninety-day extensions. [94] ¶ 6. For each ninety-day extension, Conor Green agreed to pay an additional $25,000 in fees, which were added to the principal balance of the promissory note. [94] ¶ 6. The interest rate

---

[2] Thriftmaster's founder and Chief Executive Officer stated that "Conor Green defaulted on the Note by failing to pay the amounts due and owing by May 1, 2020." [95] at 4 (¶ 6). However, the note says that "On or before May 1, 2020 or the next available business day, the Lender, in its sole discretion, at any time thereafter, may demand the full amount due and payable under this note." [95] at 14. Conor Green then had ten business days to pay Thriftmaster the outstanding principal and interest. [95] at 14. The note was payable on demand after May 1, 2020. *See* 810 ILCS 5/3-108(a). The note does not state a definite time for payment, just that it is payable on demand after May 1, 2020. The note was not payable only because May 1, 2020, passed; instead, it was payable once May 1, 2020, passed *and* Thriftmaster made a demand to Conor Green. *See In re Estate of Heck*, 2019 IL App (1st) 182414, ¶ 7 (1st Dist. 2019). Conor Green did not default on the note on May 1, 2020, but ten business days from May 3, 2020. [95] at 4 (¶ 6).

3

from May 1 to November 1, 2020—the second extension's maturity date—was two percent per month, for a fixed annualized interest rate of twenty-four percent. [94] ¶ 6. The agreement also stated that if Conor Green continued to default past the second extension's maturity date, the promissory note would become secured by Conor Green's assets. [94] ¶ 15; [95] at 20.

In 2021, Conor Green made partial payments under the promissory note and forbearance agreement totaling $200,000. [94] ¶ 9. The money was allocated, pursuant to the forbearance agreement, first to the loan extension fees, then to interest, and finally, to the principal. [94] ¶ 9. After its last partial payment, Conor Green still owed $221,830.45 in principal amount. [94] ¶ 9.

After Conor Green failed to continue making payments, Thriftmaster filed UCC financial statements in Illinois, Texas, and New York covering "all the assets" of Conor Green. [94] ¶ 15. The next day, Thriftmaster issued a formal demand to Conor Green for the full payment of the outstanding principal, interest, fees, and other expenses allowed under the loan documents. [94] ¶ 14. Just over a week later, Thriftmaster issued a second formal demand to Conor Green seeking disclosure of Conor Green's assets in accordance with the UCC-1 statements under the forbearance agreement. [94] ¶ 15. Conor Green did not respond to either the first or second demand letters. [94] ¶¶ 14–15.

About two months later, Thriftmaster issued a third formal demand to Conor Green for payment and for Conor Green's corporate and financing information. [94] ¶ 16. Conor Green did not respond. [94] ¶ 16.

As of October 14, 2024, the amount due under the promissory note and forbearance agreement totals $221,830.45 in principal and $143,802.04 in interest. [94] ¶ 23. Thriftmaster has also incurred $124,649.50 in attorneys' fees and $8,658.12 in expenses related to its attempts to collect payment from Conor Green. [94] ¶ 25.

### III.  Analysis

Thriftmaster argues that Conor Green is liable for breach of contract for failing to comply with the promissory note and forbearance agreement.[3] It argues that it is entitled to damages and foreclosure of its security interest in Conor Green's assets. Conor Green does not respond.

#### A.  Breach of Contract

Thriftmaster's breach of contract claim for breach of the promissory note and forbearance agreement requires (1) the existence of a valid and enforceable contract; (2) substantial performance by Thriftmaster; (3) a breach by Conor Green; and (4) resulting injury to Thriftmaster. *Full Circle Villagebrook GP, LLC v. Protech 2004-D, LLC*, 119 F.4th 522, 525–26 (7th Cir. 2024). In interpreting the contracts between

---

[3] I have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2): Thriftmaster is a corporation organized under the laws of Delaware and with its principal place of business in Texas. [94] ¶ 1. Although the parties are imprecise in their assertions of citizenship, Conor Green has admitted in its answer that the citizenship "of all partners of Conor Green is Illinois," [71] ¶ 2, which is sufficient to support citizenship for the purposes of diversity jurisdiction. The amount in controversy for the claim exceeds $75,000, exclusive of costs and interest. [1] ¶ 4. When a federal court sits in diversity, the forum state's choice-of-law rules determine what state's law applies to the issues before it. *Paulsen v. Abbott Lab'ys*, 39 F.4th 473, 477 (7th Cir. 2022). Under Illinois choice-of-law rules, contractual choice-of-law clauses are routinely enforced. *See Johnson v. Diakon Logistics, Inc.*, 44 F.4th 1048, 1051 (7th Cir. 2022). The promissory note and forbearance agreements contain Illinois choice-of-law provisions, [95] at 15 and 23, and Thriftmaster applies Illinois law in its brief. Conor Green has not responded. *See id.* (choice of law is subject to waiver). Illinois substantive law applies.

Thriftmaster and Conor Green, my "primary objective is to give effect to the intention of the parties." *Id.* at 526 (quoting *Thompson v. Gordon*, 241 Ill.2d 428, 441 (2011)).

There are two contracts at issue: the promissory note and the forbearance agreement. Both are valid and enforceable contracts. A valid and enforceable contract requires "offer, acceptance and consideration." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 522 (7th Cir. 2022) (quoting *Fuqua v. SVOX AG*, 2014 IL App (1st) 131429, ¶ 35 (1st Dist. 2014)).

A promissory note is "an instrument that evidences a promise to pay a monetary obligation." 810 ILCS 5/9-102. A promissory note is treated as a contract under Illinois law. *See First Midwest Bank v. Cobo*, 2017 IL App (1st) 170872, ¶ 19 (1st Dist. 2017), *aff'd*, 2018 IL 123038, ¶ 19 (2018) (mortgages and promissory notes "constitute separate contracts with distinct remedies"); *Asset Exchange II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 39 (1st Dist. 2011) ("[T]here was no breach of contract since the Bank complied with the terms of the Note."). The promissory note was a promise for Conor Green to pay Thriftmaster a total of $250,000, plus interest. Consideration is presumed when there is a promissory note and is evidenced by the existence of the note itself. *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 866 (7th Cir. 2013); *Pedott v. Dorman*, 192 Ill.App.3d 85, 93 (1st Dist. 1989). Both parties signed the promissory note, showing offer and acceptance of the note. [95] at 13, 16.

The forbearance agreement is also a valid and enforceable contract. In exchange for withholding from exercising default-related rights and remedies for two

ninety-day forbearance periods, Conor Green agreed to pay a $25,000 fee and a two percent-per-month interest rate. [95] at 20–21. *Sopris Concrete, LLC v. Meeks*, 2022 IL App (2d) 210331, ¶ 24 (2d Dist. 2022) ("Forbearance, including … a promise to forgo legal action, is consideration."). If Conor Green's default continued beyond the forbearance period, the promissory note was to become secured by Conor Green's assets. [95] at 20. Conor Green's managing partner signed the agreement. [95] at 26.[4]

Conor Green first breached the promissory note by failing to repay the note on Thriftmaster's demand in May 2020. The parties then entered into a forbearance agreement. Conor Green breached the forbearance agreement by failing to pay the full amount due to Thriftmaster under the promissory note and the forbearance agreement by the end of the forbearance period. Thriftmaster performed its obligations by refraining from enforcing any default-related rights under the promissory note until after the forbearance period ended. [94] ¶¶ 14–16, 18. And Thriftmaster has shown that it has suffered injury; it loaned Conor Green $250,000 and expected the return of that money, plus interest. It has also spent money to collect the money it is owed from Conor Green in the form of attorneys' fees and related expenses. There is no genuine dispute of material fact that Conor Green breached the promissory note and forbearance agreement, that Thriftmaster has substantially

---

[4] Thriftmaster's copy of the agreement does not include a signature from a Thriftmaster representative. As the contract is being enforced against Conor Green, which did sign the contract, and Thriftmaster performed under the agreement by not pursuing its rights and remedies after the first default, the agreement is valid even absent a Thriftmaster signature. *23-25 Bldg. P'Ship v. Testa Produce, Inc.*, 381 Ill.App.3d 751, 756 (1st Dist. 2008) ("If a document is signed by the party being charged, the other party's signature is not necessary if the document is delivered to that party and it indicates acceptance through performance.").

performed its obligations, and that Thriftmaster was injured by Conor Green's breach. Thriftmaster's motion for summary judgment on its breach of contract claim is granted.

### B. Damages

A security interest is a secured party's rights in the collateral held by the debtor. *Malek v. Gold Coast Exotic Imports, LLC*, 2018 IL App (1st) 171459, ¶ 17 (1st Dist. 2018). A security interest is enforceable against a debtor—i.e., has attached—if (1) value has been given; (2) the debtor has rights in the collateral; and (3) "the debtor and the secured party have agreed that a security interest shall attach to the collateral." *Id.* at ¶ 19 (citing 810 ILCS 5/9-203(b)). Generally, the third requirement is fulfilled by the party's written security agreement, which is "an agreement that creates or provides for a security interest." *Id.* at ¶ 21; 810 ILCS 5/9-102(a)(74). When a secured party's interest attaches to the collateral, it also gives rise to a lien on the collateral. 810 ILCS 5/9-203(g).

When a debtor defaults, the secured party "may reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." 810 ILCS 5/9-601(a)(1). The secured party may "sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." 810 ILCS 5/9-610(a).

A promissory note is "an instrument that evidences a promise to pay a monetary obligation." 810 ILCS 5/9-102(a)(65). It is considered "collateral" and is

8

governed by Article 9 of the UCC, adopted by Illinois in 810 ILCS 5/9-101 *et seq.* 810 ILCS 5/9-102(a)(12)(B). "The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note." *Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-9 v. Schoenberg*, 2018 IL App (1st) 160871, ¶ 27 (1st Dist. 2018). The legal holder of the note is entitled to pursue remedies after default. *Id.*

Thriftmaster seeks to reduce its claim to a judgment that orders Conor Green to repay the balance of the principal and interest on the promissory note and attorneys' fees and expenses for the collection of any amounts payable on default. [95] at 15. Because Thriftmaster is entitled to judgment as a matter of law on its breach of contract claim, it is entitled to damages.

From January to October 2021, Conor Green paid Thriftmaster a total of $200,000. It has not paid Thriftmaster anything since then. At the time Thriftmaster paid, there had been no legal fees or collection expenses. So, under the forbearance agreement, Thriftmaster allocated $50,000.00 to the loan extension fees; $121,830.45 to interest payments; and $78,169.55 to principal payments. [94] ¶ 9; [95] at 27.

However, in Thriftmaster's accompanying spreadsheet, on October 18, 2021, it credited $20,000.00 to interest when there was only $1,896.19 remaining in interest—resulting in a negative interest balance, instead of zeroing out the interest and applying the rest to the principal. Had Thriftmaster credited the remaining balance to the principal, as laid out in the forbearance agreement, $4,521.69 would

9

have gone to interest payments, and $15,478.31 would be applied to the principal, bringing the principal down to $206,352.14.

Since October 2024, when Thriftmaster last calculated the total amount owed, interest has been accruing. Thriftmaster should file updated calculations—including the corrections I have made above, unless it provides another reason for not crediting the payment to principal on October 18, 2021—up to the date of its filing.

Thriftmaster is also entitled to reasonable attorneys' fees and expenses for the costs of collecting on the promissory note. While a party is usually responsible for its own attorneys' fees, there is an exception where a contract provides for attorneys' fees. *Pepper Constr. Co. v. Palmolive Tower Condos., LLC*, 2024 IL App (1st) 221319, ¶ 21 (1st Dist. 2024). Here, the parties contracted for reasonable attorneys' fees and expenses necessary to collect any unpaid amount under the promissory note. [95] at 15. The factors in considering the reasonableness of a fee award are "(1) the skill and standing of the attorney employed, (2) the nature of the cause, (3) the novelty and difficulty of the questions, (4) the amount and importance of the subject matter, (5) the degree of responsibility in the management of the case, (6) the time and labor required, (7) the usual and customary charges in the community, and (8) the benefits resulting to the client." *Platinum Supplemental Ins., Inc. v. Guarantee Tr. Life Ins. Co.*, 989 F.3d 556, 571 n.7 (7th Cir. 2021) (quoting *Powers v. Rockford Stop-N-Go, Inc.*, 326 Ill.App.3d 511, 515 (2001)). There was a partner, an associate attorney, and two certified paralegals at the law firm Bell Nunnally & Martin LLP who were assigned to the case. [95] at 56–58 (¶¶ 3, 7). Lead counsel has submitted an affidavit

stating that the hourly rates for each person are "customary and reasonable in the Texas and Illinois legal communities" for services similar to those rendered in this case. [95] at 58 (¶ 7).

Thriftmaster has submitted invoices from its attorneys at Bell Nunnally & Martin showing the work and expenses undertaken by the law firm in seeking to collect on the promissory note, including litigation expenses. [95] at 61–122. This included reviewing the case, drafting demand letters, filing UCC-1 filing statements, corresponding with Conor Green's attorneys, filing this lawsuit, filing a response to Conor Green's motion to change venue, conducting discovery, and engaging in informal settlement discussions and a formal settlement conference. [95] at 61–122; [83]. The total amount Thriftmaster seeks is $365,632.49. As of October 14, 2024, Thriftmaster spent $133,307.62 in legal fees and expenses. [95] at 59 (¶ 11). *See Platinum Supplemental Ins.*, 989 F.3d at 573–74 (even where attorneys' fees award was nearly three times the sum at issue, not automatically unreasonable). The evidence shows that the rates charged are what the firm customarily charges for each attorney or paralegal based on their skill level. [95] at 59 (¶ 12). The attorneys' skills in this action, which included learning and applying Illinois contract law though they are Texas-licensed attorneys, also benefited their client, which now has a judgment in its favor. Time and labor increased as the case progressed, including lengthy attempts to collect and settle the case. Under all the relevant factors, the attorneys' fees and expenses are reasonable through October 14, 2024. Thriftmaster should file an updated calculation of attorneys' fees as of the date of its filing.

Thriftmaster is also entitled to post-judgment interest. *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). After a final judgment is entered, interest will be calculated according to the rates provided pursuant to 28 U.S.C. § 1961. *Id.*

### C. Foreclosure of Security Interest

A secured party may exercise its rights cumulatively and simultaneously. 810 ILCS 5/9-601(c). Thriftmaster is able to seek both a judgment for damages and foreclosure at the same time. Thriftmaster's security interest in Conor Green's assets attached upon the execution of the forbearance agreement, which provided that the promissory note would become "secured by the assets" of Conor Green if Conor Green continued to default beyond the second extension maturity date. [95] at 20. Conor Green continued to default past the second extension maturity date. Thriftmaster is entitled to foreclosure of its security interest in Conor Green's assets.

Thriftmaster requests that the court appoint a special commissioner to conduct a sale pursuant to the foreclosure. Once the final award is determined, the court will appoint a special commissioner to conduct a public foreclosure sale of Conor Green's assets.

## IV. Conclusion

Thriftmaster's motion for summary judgment, [92], is granted. Thriftmaster's updated damages and attorneys' fees calculations are due by June 23, 2025, and

Thriftmaster shall also submit a proposed final judgment order in Microsoft Word format to proposed_order_shah@ilnd.uscourts.gov by June 23, 2025.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: June 9, 2025